37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Ronald L. BIRCH; Lenore F. Birch, individually and husband
and wife; James D. Kurn; Shirley A. Kurn,
individually and husband and wife; Appellants;
v.
CITY of LINO LAKES, Minnesota, a municipal corporation;
Randall Schumacher, both individually and in his capacity as
City Administrator for the City of Lino Lakes; Harold Bisel;
Vern Reinert; Andrew Neal; William Bohjanen; Sally
Kuether, individually and in their official capacities as
the Mayor and City Council of Lino Lakes, Minnesota; Appellees.
 No. 94-1265.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 10, 1994.
Filed: October 25, 1994.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants Ronald and Lenore Birch and James and Shirley Kurn appeal from orders of the district court dismissing their claims against the City of Lino Lakes, its mayor, and the members of its city council. The Birches and the Kurns own some forty-seven acres of property in Lino Lakes, Minnesota. When the Birches bought the land in 1986, its municipal zoning designation was R-X residential executive, which mandates low-density, single-family residential development with a minimum lot size of ten acres.
 
 
 2
 In the years following their purchase, the Birches and the Kurns made several unsuccessful development proposals to the city. In early 1991 the appellants submitted the development proposal which is the source of this litigation. Appellants sought to build forty executive townhomes on twenty acres of property, with a second phase of similar construction to follow. As noted by the district court, the proposal required the city council to amend its comprehensive land use plan, rezone the property from R-X to a planned unit development, approve preliminary and final plats, execute a joint powers sewer service agreement with White Bear Township, and create a tax increment financing district to finance reclamation of the site. On several occasions, the city's planning staff encouraged the appellants to push forward with their development plans. The city council and its appointed public review board held a variety of public hearings and discussions on the proposal, and ultimately voted to defeat the necessary motion to amend the comprehensive plan. On December 19, 1991, a second vote on reconsideration produced the same result.
 
 
 3
 Appellants brought an action under 42 U.S.C. Sec. 1983 alleging procedural due process violations, state and federal substantive due process violations, state and federal takings clause violations, and the imposition of an unlawful moratorium under Minnesota law. On December 21, 1993, the district court dismissed all of appellants claims on a motion for summary judgment. Appellants appeal the dismissal of each of their claims. In addition, appellants challenge a separate order of the district court upholding a magistrate judge's refusal to compel production of the city council members' personal financial records.
 
 
 4
 Having heard oral argument and having carefully considered the briefs and record in this case, we conclude that no error of law appears, that summary judgment was properly granted, that the requested discovery was properly denied, and that an opinion would add nothing to the substance of the district court's well-reasoned orders. Accordingly, we affirm without opinion.
 
 
 5
 AFFIRMED. See 8th Cir. R. 47B.